WILLIAM C. KAHL, State Superintendent, Department of PublicInstruction
You advise that, since the ratification of the 26th
Amendment to the United States Constitution, the Department of Public Instruction has received a number of questions concerning the right of 18-year-old citizens to run for and hold office as a member of a school board. You further indicate as follows:
"We have of necessity had to answer inquiries concerning the right of 18 year olds running for or serving on boards and have responded that 18 year olds, if qualified electors in *Page 270 
the district wherein they intend to serve, are entitled to run and if elected serve on such school board. The last two lines of the enclosed memo addresses itself directly to this question."
The memo that you refer to states the following:
"Question 2 asking whether 18, 19 or 20 year olds may run or hold school board office must also be answered in the affirmative. The only requirement of school board members is that they be an elector of the district wherein they intend to serve. (Subsections 120.03 (1),120.43 (1) (a) and (b), 120.73 (1) (a), 120.04 (3), 120.05
(5) and 120.06 (2).)
"Since 18 year olds may now (since ratification of the26th Amendment to the United States Constitution) be electors, they are, if qualified in the district wherein they intend to serve, entitled to run for and if elected serve on such school board."
You request my informal advice on whether the foregoing quotes concerning the legality of 18-year-olds running for and serving as school board members correctly reflect the present law on the subject.
It is my opinion that, since the ratification of the 26th
Amendment to the United States Constitution, 18-, 19- and 20-year-old citizens, who are otherwise qualified electors in the district wherein they intend to serve, are entitled to run for and, if elected, serve on local school boards. Such a conclusion is inescapable not only because the Federal Amendment constitutes the supreme law of the land and negates the application of the reference to "twenty-one years or upward" in the definition of "a qualified elector" in Art. III, sec. 1, Wis. Const., as well as in such statutory provisions as secs. 6.02 and 6.05, Stats., but also because our own Wisconsin Legislature evidenced such intent in a very positive manner by joining in the ratification of the Federal Amendment which lowered the age qualification of an elector to citizens 18 years of age. I am, therefore, in agreement with the position taken by your Department in this matter.
RWW:JCM *Page 271